IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LE RACHA SIMON,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and MARTHA GARCIA-MURILLO,<br><br>Defendants. | **8:25CV552**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Board of Regents of the University of Nebraska's ("BRUN") motion to strike jury demand. Filing No. 24. BRUN moves the Court to strike the jury demand in Plaintiff's Amended Complaint on her claims that BRUN violated the Nebraska Fair Employment Practices Act ("NFEPA"), specifically counts I, II, III, VI and VII of the Complaint. Filing No. 25 at 3. Plaintiff did not file a brief in response to the motion and her time to do so has now passed. For the reasons set forth below, the motion will be granted.

BACKGROUND

Plaintiff Le Racha Simon ("Simon"), a former employee of the University of Nebraska at Omaha, alleges she was discriminated against based on her race and retaliated against due to her reports of discrimination and harassment. Filing No. 14. She further alleges retaliation and interference with her ability to take protected leave under the Family and Medical Leave Act ("FMLA"). Filing No. 14. Specifically,

1

Plaintiff's complaint alleges race discrimination, retaliation, and hostile work environment in violation of the NFEPA (Counts I, II, and III), retaliation in violation of and interference with FMLA (Counts IV and V), constructive discharge in violation of NFEPA and Title VII (Count VI), and failure to remedy the alleged discrimination in violation of NFEPA and Title VII (Count VII). Filing No. 14. Simon includes a general jury demand in the case caption and opening paragraph. BRUN contends Simon is not entitled to a jury trial on her claims under the NFEPA and Simon's jury demand regarding these claims should be stricken. Filing No. 25.

ANALYSIS

It is well established that BRUN is state agency for purposes of Eleventh Amendment immunity. *Becker v. Univ. of Nebraska at Omaha,* 191 F.3d 904, 908 (8th Cir. 1999)); *Doe v. Univ. of Neb*. 451 F.Supp. 3d 1062, 1101 (D. Neb. 2020). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Thus, a plaintiff has a right to trial by jury only where that right is one of terms of the government's consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160, (1981). A government entity may choose to waive its immunity, but such consent to suit must be "unequivocally expressed" in the text of the relevant statute. *Id*. It is well settled that "statutes purporting to waive the protection of sovereign immunity are to be strictly construed in favor of the sovereign and against waiver." *Edwards v. Douglas Cty*., 308 Neb. 259, 267-68 (2021).

To determine whether a plaintiff is entitled to a jury on a claim against a state, the court first looks to the statute itself. *Casteel v. City of Crete*, No. 4:16CV3166, 2017 WL 3635184, at *3 (D. Neb. Aug. 23, 2017). If a statute is silent on the issue of jury trial, "then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment." *Seals v. Bd. of Regents of Univ. of Nebraska*, No. 8:22CV420, 2024 WL 1416595, at *1 (D. Neb. Apr. 2, 2024) (quoting *Pandazides v. Virginia Bd. of Education*, 13 F.3d 823, 827 (4th Cir. 1994)).

2

The Nebraska legislature has clearly waived sovereign immunity with respect to allowing suit against the state or its agencies under NFEPA. *See* Neb. Rev. Stat. § 48-1126. However, the NFEPA does not contain explicit textual authorization for a jury trial. Neb. Rev. Stat. § 48-1101 et seq. While the NFEPA does provide that the "state and governmental agencies created by the state may be sued upon claims under the [NFEPA] in the same manner as provided by such law for suits against other employers, Neb. Rev. Stat. § 48-1126, the statutory scheme setting forth the manner of suit against employers does not include language addressing the right to a jury trial. *See* Neb. Rev. Stat. § 48-1101 *et seq.* Thus, the Court finds the language within the NFEPA does not contain an express or clear waiver of sovereign immunity to suit by a jury. *See Seals* 2024 WL 1416595, at *2*; Casteel*, 2017 WL 3635184, at *3; *Polson v. Gage Cnty., Nebraska*, No. 4:25CV3144, 2025 WL 2986652, at *2 (D. Neb. Oct. 23, 2025); *Hoppe v. Nebraska*, 4:25CV3156, Filing No. 21 (D. Neb. March 10, 2026).

The Court next looks to the Seventh Amendment. Under the Seventh Amendment, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. To determine whether the Seventh Amendment requires a jury trial, courts consider: (1) whether the cause of action was "tried at law at the time of the founding or is at least analogous to one that was;" and (2) "whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 708 (1999) (internal quotations and citations omitted).

Again, the Court finds Plaintiff does not have a right to a jury trial against BRUN. There was no action equivalent to Plaintiff's NFEPA claim against BRUN, as a political subdivision, when the Seventh Amendment was adopted. *Polson,*

3

2025 WL 2986652 at, *3 (striking jury demands for plaintiff's NFEPA claims); *Seals*, 2024 WL 1416595 at, *2 (same); *Casteel*, 2017 WL 3635184 at, *3; *Hoppe v. Nebraska*, 4:25CV3156, Filing No. 21 (D. Neb. March 10, 2026). Rather, as noted by the Nebraska Supreme Court and reiterated in this District, in 1875 there was no right to a jury trial on any issues in a suit against the State or its political subdivisions. *Jacobson v. Shresta*, 288 Neb. 615 (2014). "[S]ince there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." *Polson*, 2025 WL 2986652 at, *3 (citing *Gragg v. City of Omaha*, 812 F. Supp. 991, 992-3 (D. Neb. 1993).

Accordingly, because there is no express language waiving BRUN's sovereign immunity to trial by jury under the NFEPA, and a jury is not constitutionally required, Plaintiff is not entitled to a jury trial on her NFEPA claims against BRUN.

Defendant BRUN's motion to strike, Filing No. 24, is granted. Plaintiff's demand for a jury trial on her claims that BRUN violated the Nebraska Fair Employment Practice Act is stricken from her First Amended Complaint.

Dated this 16th day of March, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

4